*283 The opinion "of the Court was delivered by
Wardlaw, J.
In a suit pending in the Court of Equity, for Horry district, to marshal the assets of Josias T. Sessions, the creditors were regularly called in, the amount of debts ascertained were paid, and at February Term, 1853, a balance remained in the hands of the commissioner for distribution among the heirs of said J. T. Sessions. At February Term, 1855, the United States, through the post-master-general, interposed a claim founded on a judgment against said Sessions, obtained in July, 1836, and at February Term, 1859, the commissioner reported in favor of this claim. The administrators excepted to this report on the ground that the circumstances in evidence warranted the presumption of the satisfaction of the judgment; and the Chancellor sustained the exception. The circumstances relied upon in aid of lapse of time are, that the fi. fa. for execution of the judgment was levied on the house and lot of Sessions by the deputy marshal, March 10, 1837: that J. T. Sessions, in April, 1838, (after paying $40 to the marshal in February, 1838,) sent off two negroes to be sold, to raise mouey for the payment of a debt in Charleston — probably that in question: and that Sessions afterwards was apparently solvent, and was undisturbed by the pursuit of this claim. It is true, as asserted in the first ground of appeal, that not quite twenty years had elapsed from the rendition of the judgment before the presentment of this claim. And it does not appear that the estate of Sessions has been actually distributed. Yet it is clearly settled by our cases, that the presumption of satisfaction of a debt of record may be legitimately deduced within less than twenty years, where there is considerable lapse of time, with corroborating circumstances.
The presumption of satisfaction prima facie arising from the levy, the disposition of which is not accounted for, is supposed, in the second ground of appeal, to be rebutted by the partial payment afterwards to the marshal, followed by the delivery of his negroes by defendant in execution to an *284 agent, to sell, and from the proceeds of sale to pay this debt. It seems to us, that if the plaintiff in execution did not receive the proceeds of the negroes, this furnishes no reason for not proceeding on the levy. If the plaintiff did receive the proceeds, the whole sequence of things is natural.
In the third ground of appeal, it is asserted that no laches can be imputed to the petitioners. The argument is, that the United States is the petitioner, and that that government as sovereign, is entitled to the benefit of the maxim, nullum tempus occurrit regi: applicable to all sovereigns deriving their institutions from the common law.
Individually, I dispute the sovereignty of the United States, and consider it as a mere agency of sovereign States; and, especially, I deny that the rights of a sovereign pertain to one of the officers or departments of the government. But it is enough for the occasion to say, that when a sovereign State interposes as a mere creditor in a bill for marshalling assets, in the absence of statutory or positive regulations, it stands on the same footing as any other creditor.
Under all the circumstances of the case, we approve the conclusion of the Chancellor: to which in this tribunal we feel bound to give all the efficacy of a verdict.
Ordered, that the appeal be dismissed.
O’Neale, C. J., and Joecnston, J., concurred.

Appeal dismissed.